Dear Mr. Ventura:
By letter dated September 19, 1994, you requested an opinion of this office as to whether a justice of the peace has the authority to fire the constable in the ward of that justice of the peace, and appoint an individual to serve in his stead.
Constables are elected officers, R.S. 13:2583. As an elected official he may only be removed from office by a judgment of a district court following a definitive conviction for a felony, R.S. 42:1412; Article X, § 25, Louisiana Constitution.
Because there is no vacancy in the office of constable, it is inappropriate for any officer to attempt to appoint a person to serve in that capacity. If a vacancy should occur, it would be the prerogative of the police jury of the parish to fill a vacancy in the office of constable, R.S. 18:602.
Due to the fact that the individual "appointed" by the justice of the peace would be a usurper, he is subject to possible prosecution for the criminal offense of False Personation, R.S.14:112 and may be personally liable in civil damages to any individuals whom he may arrest under the guise of being a law enforcement officer. Such person is also potentially liable to criminal penalties pursuant to R.S. 42:71, for usurpation of office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ KENNETH C. DEJEAN GENERAL COUNSEL
KCD:ams
cc: Honorable Walter Reed
Honorable P. J. "Pat" Canulette Honorable Mario F. Ventura Justice of the Peace Ward 10, St. Tammany 74278 Allen Road Abita Springs, LA 70420
DATE RECEIVED: September 30, 1994
DATE RELEASED: September 30, 1994
KENNETH C. DEJEAN GENERAL COUNSEL